CRESCENT FURNITURE AND MATTRESS COMPANY v. KLUMP & CO.

(June 21, 1926, Opinion and Decree)

*(Syllabus by the Court)*

1. Louisiana Digest—Damages—Par. 69, 71, 77.

The damages for the inexecution of a contract of sale are the difference between the contract price of the thing sold and its market price at the time and place at which it was to have been delivered and not at a time subsequent.

Appeal from Civil District Court, Hon. Percy Saint, Judge.

Action by Crescent Furniture and Mattress Company, Inc., against Wm. F. Klump and Company. There was judgment for defendant and plaintiff appealed.

Judgment reversed, plaintiff's demand dismissed as in case of non-suit.

Dart, Kernan and Dart, of New Orleans, attorneys for plaintiff, appellant.

Buck, Walshe and Buck, of New Orleans, attorneys for defendant, appellee.

CLAIBORNE, J.    This is a damage suit based upon the failure of the defendant to comply with an agreement of sale.

Plaintiff alleged that in the year 1921, it was incorporated under the name of "Crescent Felt Mattress Co."; that on July 26, 1922, its charter was amended so as to change its name to "Crescent Furniture and Mattress Co., Inc."

That on August 29, 1921, the defendant confirmed to plaintiff the sale of 100 bales of cotton linters as follows:

"New Orleans, La., August 29th, 1921.
"Crescent Felt Mattress Factory.
"Gentlemen:
"We confirm sale to you today of 100 bales linters like sample at 2 1-8 cents per pound, your factory.   Shipment immediate from interior.   Terms cash upon delivery.
"Yours very truly,
"N. F. KLUMP AND CO.
"By J. S. K.
"Accepted."

That defendant failed to deliver said linters to plaintiff notwithstanding demand; that on July 24, 1922, plaintiff purchased similar linters at the price of 4½ cents a pound; that the weight of the linters was 45,876 pounds; that the price of linters agreed upon in the above contract of August 29th would have been $974.86; that plaintiff paid on July 24, $2064.42 or an increase of $1,089.56 for which defendant is liable to it.

On an exception of no cause of action plaintiff amended its petition and alleged that on various occasions between August 29, 1921, and July 24, 1922, at the request of defendant, it extended the time for the delivery of the linters.

The defendant admitted signing the agreement of sale, but denied all the other allegations. He further alleged that in execution of the contract he shipped from Lafayette on September 1 and 6, 1921, 100 bales of linters to plaintiff which it refused to accept "because said bales were

condemned by the United States Government or state officers as infected with boll weevil, or as coming from some section infected with boll weevil or other infection, concerning which restriction neither the plaintiff nor the defendant knew or contemplated at the time of the making of the contract herein"; that it was the duty of the plaintiff to have gone at once upon the market and purchased linters; that defendant always denied liability.

There was judgment for defendant and plaintiff has appealed.

The evidence makes it absolutely certain that the defendant delivered to the plaintiff's factory a car load of linters, but that before it was unloaded the defendant, under instructions from government officials phoned the plaintiff to return the linters because they came from the boll weevil-infected parish of Lafayette.

The defendant again tendered to the plaintiff the same boll weevil linters but never offered to deliver any other linters or any lot other than that at first attempted to be delivered.

We shall not try to decide whether a tender of linters coming from a boll weevil condemned territory could constitute a legal tender. H. Stephen Kohl, cotton linters dealer, says that it could not be done for use in New Orleans.

But we are of the opinion that plaintiff cannot recover the amount claimed for the reason that it is based upon a market too far distant from the date of default. The contract of sale was dated August 29, 1921, for immediate shipment. The defendant failed in making delivery, and refused to make any other on September 6, 1921. The plaintiff bought linters on July 24, 1922, and from the price they paid on that date they would fix the measure of their loss. We think the plaintiff should have taken steps within a reasonable time after defendant's default to purchase other linters, and from those purchases based their loss. The more so that from September 6, 1921, the plaintiff continued buying linters to carry on their business, and that the record does not inform us what they paid for them.

The defendant was entitled to the benefit of any price below that of July 24, 1922, if any.

The measure of damages for breach of a contract of sale of goods is the difference between the contract price and the market price at the date of the breach. C. C. 1934; Hofner Mfg. Co. vs. Lieber Lbr. & Shingle Co., 127 La. 349, 53 South. 646; Robinson Lbr. Co. vs. W. O. and S. G. Burton, 128 La. 120, 54 South. 582; State ex rel. Bourg vs. Marrero, 132 La. 109, 61 South. 136; Bonsor & Co. vs. Simon Rice Milling Company, 151 La. 1094, 92 South. 711.

In Bonsor vs. Simon Rice, 151 La. 1094, 92 South. 711, the Supreme Court said on p. 1099:

"Both justice and equity forbid that the quantum of damages due by defendants should be based upon the prices prevailing in a distant market, and at a time subsequent to that at which delivery should have been made under the contract."

And in the same case on p. 1100:

"It has uniformly been held by the court that damages for the inexecution of a contract of this kind, in the absence of bad faith, are those which were in the contemplation of the parties when the contract was made, and that such damages represent the difference between the contract price of the thing sold and the market price at the time and place at which it was to have been delivered."

The plaintiffs do not testify that the defendant ever asked for time to execute his contract or that time was granted to him. The defendant "absolutely denied all such assertions".

But we think the judgment should have been one of non-suit.

It is therefore ordered that the judgment herein be reversed and set aside, and it is now ordered that there be judgment in favor of defendant dismissing plaintiff's demand as in case of non-suit; the plaintiff to pay the costs of the district court and the defendant to pay the costs of appeal.

Judgment reversed; plaintiff's demand dismissed as in case of non-suit.